LEON DARRASSE and Others, Copartners Doing Business under the Firm Name and Style of LEON, ETIENNE AND LOUIS DARRASSE, Appellants, v. THE FERMENT COMPANY, Respondent.

First Department, April 5, 1918.

Patents — action for royalties under license agreement to manufacture and sell — defenses — motion for judgment on pleadings — issue as to sufficiency of defenses or counterclaims cannot be decided thereon.

In an action to recover royalties under a license by which the defendant's assignor was given the right to manufacture and sell all lactobacilline products then or thereafter manufactured and sold by the licensor and by which the licensee was to follow the prescriptions and processes furnished by bacteriologists suggested by the licensor, and was to pay royalties on goods manufactured and sold under the rights granted by

the licensor, an answer expressly denying that the statements of sales rendered to the plaintiffs were with respect to products of lactobacilline manufactured and sold only by defendant, *held* sufficient to put in issue the extent of defendant's liability.

Allegations by the defendant that a new product known as " Liquide " upon the sale of which the greater part of the plaintiff's claim is based, was discovered or invented by another person to whom letters patent have been granted, constituted a good defense to plaintiff's claim for royalties in so far as it is based upon the sale of said product.

Where plaintiffs are not entitled to the relief demanded in the complaint, they cannot on a motion for judgment on the pleadings call upon the court to decide with respect to the sufficiency of defenses or counterclaims.

APPEAL by the plaintiffs, Leon Darrasse and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of November, 1917, denying their motion for judgment on the pleadings consisting of a complaint, answer and reply.

The motion was for judgment dismissing the counterclaim and for the relief demanded in the complaint.

*Louis Lowenstein* of counsel [*Wentworth, Lowenstein & Stern,* attorneys], for the appellants.

*George N. Hamlin* of counsel [*Rushmore, Bisbee & Stern,* attorneys], for the respondent.

LAUGHLIN, J.:

The action is to recover royalties under licenses. The plaintiffs are copartners engaged in business in the city of Paris, France, and have acquired all the property and succeeded to all the rights of a French corporation known as La Societe Le Ferment, Limited, which for brevity will be designated the French Company. That company had on the 24th day of June, 1908, made a contract in writing with the defendant, a corporation organized under our laws, and on the same day another contract in writing modifying it was made between the same parties, and copies are annexed to the complaint as exhibits " A " and " B " respectively. The contract " A " recites that on the 9th of February, 1906, the French Company by a formal agreement gave to one De Lisle the sole and exclusive right to sell within defined territory " any and all of

the products  *  *  *  which it now produces, or may in
future produce, said products being known as products of
lactobacilline, or products containing the lacto-bacilli recom-
mended by Prof. Elie Metchnikoff of the Institute Pasteur,
Paris, France, as beneficial to man in the cure or prevention of
certain diseases," and that the defendant had by assignment
duly succeeded to the rights of De Lisle thereunder, and that
the parties while recognizing the validity of said contract
were desirous of modifying it with respect to territory. The
French Company agreed to prevent, so far as possible, the
shipment of " the product of lactobacilline known as com-
primes de lactobacilline, and lactobacilline powder, the
product known as Lactobacilline Bouillon or any other product
of lactobacilline " into the United States or its colonies or
dependencies except as authorized by defendant, and to do all
within its power to preserve to defendant a monopoly of the
manufacture and sale within said territory of all lactobacilline
products *then or thereafter manufactured and sold by the French
Company*, and it agreed to furnish the same to defendant at
cost plus a royalty of seven per cent and to furnish " the
full working formula for the preparation of Comprimes de
Lactobacilline, Lactobacilline Powder and Lactobacilline
Bouillon " according to the terms of the contract between it
and De Lisle, and if required by defendant to send an experi-
enced bacteriologist to instruct defendant with respect thereto;
and defendant agreed to pay a like royalty on its manufactures
and sales under said formula with a guaranty as to the mini-
mum of such royalties. The agreement contained other pro-
visions with respect to the right of defendant to manufacture
and sell " Bacillac or Metchnikoff scientifically soured milk "
and the royalty to be paid thereon. The contract between the
French Company and De Lisle, and assigned to defendant,
thus continued as modified, further among other things
bound the licensee to *follow* " the prescriptions and processes
furnished by Prof. Metchnikoff, or other bacteriologist
suggested by " the French Company in order to maintain
the standard of the product, and to discontinue any advertising
disapproved of by Prof. Metchnikoff, and obligated the French
Company to furnish to the licensee all inventions, improve-

ments or new processes of manufacture invented by it, and the payment of royalties was limited to goods manufactured and sold *under* the rights granted by the licensor; and the 12th paragraph thereof was as follows:

" 12. This contract relates not only to Lactobacilline and its products but to every product which may be produced, or which furnishes the microbe, which Prof. Metchnikoff has pointed out as beneficial to man and has given or may hereafter grant to the first party."

The only modifications of exhibit " A " made by " B " material to the decision of this appeal are those relating to the rights derived by the French Company from Prof. Metchnikoff and with respect to assigning the right to manufacture as follows: " The right which belongs to the party of the first part [French Company] to represent itself as being under the scientific patronage of Professor Metchnikoff was granted to it by said Professor in letters dated respectively the 6th of December, 1904, and 26th of July, 1905, copies of which are hereto annexed.

" It is understood that the party of the first part cannot grant to the party of the second part greater rights than those which result from the above-mentioned letters, to which the said party of the second part binds itself to conform rigorously, but only when Professor Metchnikoff shall have addressed and delivered to the party of the second part one or more letters signed by him and containing the same powers and authorizations as those contained in the above-mentioned letters. It is expressly stipulated that the American Company, which is a party to these presents, shall itself manufacture the lactobacilline in the form of powder, comprimes, bouillon or liquid ferment, and cannot assign this right to any person whatsoever, even to its subsidiary companies."

On the 8th of April, 1911, the plaintiffs took formal steps with a view to canceling the contracts on the ground that the defendant had, in violation of the provisions last quoted, licensed the manufacture of the product by the Franco-American Ferment Company and had failed to pay royalties due, and on the 12th of April, 1911, sued said company and defendant to enjoin such manufacture, to have the agreements canceled and to recover royalties and damages. On a

proposition for a settlement of that action made by the defendants therein an agreement of settlement was made between the plaintiffs and the defendant on the 12th of May, 1911, by which the plaintiffs withdrew and revoked their attempted rescission of the agreements between them and the defendant and the provisions with respect to accounting and the time and manner of paying the royalties were materially changed and fifteen trade marks held by defendant, evidently belonging to plaintiffs, were described and the use thereof and of any improvements was given to defendant so long as it punctually performed its obligations under the contract, and in the event of its default plaintiffs were to have the trade marks and all improvements thereon. More definite provisions were made for the cancellation of the contract for any breach thereof by defendant and the 12th paragraph which forbids assignments is as follows:

" It is expressly understood and agreed that nothing herein contained shall be so construed as to granting unto The Franco-American Ferment Company, or to any other person, firm, or corporation, excepting only the party hereto of the first part, the right to manufacture Lactobacilline in the form of powder, comprimes, bouillon or liquid ferment, and it is expressly stipulated and agreed that the party hereto of the first part shall itself only manufacture lactobacilline in the form of powder, comprimes, bouillon or liquid ferment, and that said right shall not be assignable by it to any person, firm or corporation, not even to any of its subsidiary companies."

Under the last modification of the agreement it became the duty of the defendant to render on the tenth day of each month a statement of sales and royalties for the preceding month and to pay the royalties.

Plaintiffs concede full performance by defendant down to December, 1915, but allege that on or about the 10th of January, 1916, and the tenth of each succeeding month until and including July defendant rendered a statement of sales for the preceding month upon which plaintiffs were entitled to royalties in specified amounts, no part of which has been paid, and that during the next five months defendant made sales in specified amounts and failed to render statements

thereof and to pay the royalties to which plaintiffs were entitled thereon. The plaintiffs demand judgment for the unpaid royalties alleged to amount to $18,357.21, together with interest on the respective amounts from the dates when due.

The answer puts in issue certain allegations of the complaint with respect to the scope of the formula which was received by defendant under the contracts and with respect to the products which it has manufactured and sold under the license; and expressly denies that the statements of sales rendered by it to plaintiffs as alleged or that the sales alleged to have been made by it without rendering a statement thereof were with respect to products of lactobacilline manufactured and sold only by *defendant;* and it is alleged that said statements and sales included products of lactobacilline or products containing the lacto-bacilli recommended by Prof. Metchnikoff and manufactured and sold by said Franco-American Ferment Company, and, in effect, that only a small percentage of such sales was of said tablets, comprimes, bouillon or powder or products such as were at any time devised, discovered, manufactured, prepared, produced or sold by said French Company or the plaintiffs and denies that the statements showed otherwise or that sales were made of the product lastly described in as great a quantity any month as alleged and specifies the quantities as being very much less than alleged by plaintiffs. These provisions of the answer are, I think, sufficient to put in issue the extent of defendant's liability provided it be not liable for the payment of royalties on all sales of *any* lactobacilline product either by itself or by said Franco-American Ferment Company.

The defendant for a first separate defense repeated, by reference, its denials and alleged in substance that after this agreement so licensing it was made two discoveries were made of a new product in the form of a liquid known as liquide containing lacto-bacilli and inventions of processes for the " manufacture thereof " were made, both wholly different from any Metchnikoff product or process or any manufactured or sold by plaintiffs; that for one of the new discoveries letters patent have been applied for and allowed but not yet issued; that said Franco-American Ferment Company, which was the

*distributor* for the defendant of products containing lacto-bacilli, manufactured and sold " Liquide " having procured permission therefor from the discoverer or inventor whose application for letters patent was granted. The defendant also alleges in this and other parts of the answer that the statements rendered to plaintiffs on which royalties have not been paid and the sales alleged to have been made by it for which it has rendered no statement were for the most part — the extent being specified — statements of sales of " Liquide " and they ask that the statements be opened and that the items relating to " Liquide " be eliminated on the ground that they were included by employees and officers of defendant through mistake and " in ignorance and forgetful of the fact " that those items were not covered by the contracts.

The appellants contend that the defendant was bound to account to them for royalties on all bactilline products manufactured or sold by it no matter by whom invented or discovered; and the defendant claims that royalties are payable only on *licensed* sales and that they are confined to the products discovered or invented by Metchnikoff or approved by him and the manufacture and sale of which he authorized. It seems to me perfectly plain that the defendant is right on that point. The licensee was to follow a certain formula with respect to which the licensee was to be instructed. Neither Prof. Metchnikoff nor plaintiffs had a monopoly with respect to the microbe or the culture thereof. Their rights were confined to their own inventions with respect thereto. They might have required the licensee to refrain from dealing in like products of others but they did not. It would be unreasonable to hold that the agreements contemplated payment of royalties on the manufacture and sale of a product for which it was necessary to obtain a license from another.

I am of opinion, therefore, that the facts so pleaded constitute a good defense to plaintiffs' claim for royalties in so far as it is based on the sale of " Liquide " which as already observed affects the greater part of the claim made by plaintiffs. The plaintiffs, therefore, were not entitled to judgment on the pleadings as prayed for in the complaint.

The plaintiffs not being entitled to the relief demanded in the complaint cannot by such a motion call upon the court

to decide with respect to the sufficiency of defenses or counter-claims as upon a demurrer to each. (See *Meisel* v. *Central Trust Co.*, 175 App. Div. 971.)

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

Clarke, P. J., Dowling, Smith and Shearn, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.